An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

DANIEL PATRICK ADAMS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64402

**FILED**

JUL 2 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

Appellant Daniel Patrick Adams contends that the district court erred by denying his petition without conducting an evidentiary hearing on his claims that trial and appellate counsel were ineffective for failing to object to, or challenge on appeal, improper remarks made by the State during closing argument and that trial counsel was ineffective for making prejudicial remarks during the defense's closing argument. We disagree.

When reviewing the district court's resolution of an ineffective-assistance claim, we give deference to the court's factual findings if they are supported by substantial evidence and not clearly wrong but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). Here, the district court denied Adams's petition after determining that Adams failed to demonstrate trial and appellate counsel were deficient or resulting prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687-88,

SUPREME COURT
OF
NEVADA

(O) 1947A

14-23762

694 (1984); *Kirksey v. State*, 112 Nev. 980, 987, 923 P.2d 1102, 1107 (1996). We conclude that the district court did not abuse its discretion by finding that an evidentiary hearing was unwarranted, *see* NRS 34.770(2); *Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008) (holding that a petitioner is entitled to an evidentiary hearing only when specific factual allegations are asserted "that are not belied or repelled by the record and that, if true, would entitle him to relief"), and did not err by rejecting Adams's ineffective-assistance claims. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____ *Pickering* ___, J.
Pickering

_____ ___, J.
Parraguirre

_____ ___, J.
Saitta

---

[1]In his fast track statement, Adams inappropriately incorporates and relies upon documents submitted to the district court for his argument on the merits of the appeal. NRAP 28(e)(2). Additionally, the fast track statement does not comply with NRAP 32(a)(4) because it does not have 1-inch margins on all four sides. Counsel for Adams is cautioned that failure to comply with the briefing requirements in the future may result in the imposition of sanctions. *See* NRAP 3C(n).

cc:    Hon. Kathleen E. Delaney, District Judge
        Carmine J. Colucci & Associates
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk